**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
FREDDY FLORES,                                                          Civil Action No.:

           Plaintiff,                                                                    **COMPLAINT**

   -against-

MM BARI LANDSCAPING INC. and
MICHELLE MASTROSERIO,

           Defendants.
-----------------------------------------------------X

     Plaintiff, FREDDY FLORES ("Plaintiff"), as and for his Complaint against Defendants, MM BARI LANDSCAPING INC. ("MM Bari") and MICHELLE MASTROSERIO ("Mastroserio") (collectively, "Defendants") respectfully alleges as follows:

### NATURE OF THE ACTION

1. MM Bari owns and operates a landscaping business in Franklin Square, New York.

2. Plaintiff worked for Defendants as a landscaper.

3. Plaintiff brings this lawsuit seeking to recover unpaid overtime compensation and other relief related to his employment with Defendants.

### JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), Articles 6 and 19, and their respective attendant regulations.

5. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part

1

of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

8. Plaintiff is an adult male currently residing in the State of New York.

9. Mastroserio is an adult female currently residing in the State of New York.

10. Upon information and belief, MM Bari is a domestic business corporation duly organized and existing under the laws of the State of New York

## FACTUAL ALLEGATIONS

**Defendant MM Bari Landscaping Inc.**

11. MM Bari maintains its principal place of business at 1058 Lydia Drive, Franklin Square, New York 11010.

12. At all times relevant to this Complaint, MM Bari had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

13. At all times relevant to this Complaint, MM Bari had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

14. At all times relevant to this Complaint, MM Bari had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

15. During Plaintiff's employment, MM Bari maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

16. At all times relevant to this Complaint, MM Bari was and is a covered employer

within the meaning of the FLSA and the NYLL and, and at all times relevant to this Complaint, employed Plaintiff.

**Defendant Michelle Mastroserio**

17. Upon information and belief, Mastroserio was and continues to be an owner, shareholder, officer, director, and/or managing agent of MM Bari.

18. Upon information and belief, Mastroserio is the President of MM Bari.

19. At all relevant times, Mastroserio participated in running the daily operations of MM Bari.

20. At all relevant times, Mastroserio participated in the management and supervision of Plaintiff and his work for MM Bari.

21. At all relevant times, Mastroserio exercised operational control over MM Bari, controlled significant business functions of MM Bari, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of MM Bari in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

22. Mastroserio determined the wages and compensation of MM Bari's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

23. Mastroserio participated in the decision to hire Plaintiff.

24. Mastroserio participated in the decision to fire Plaintiff.

25. Mastroserio participated in deciding Plaintiff's job duties and responsibilities.

26. Mastroserio participated in supervising Plaintiff's job duties and responsibilities.

27. Mastroserio participated in deciding the manner in which Plaintiff was paid.

28. Mastroserio participated in deciding the hourly rate Plaintiff was paid.

29. Mastroserio participated in deciding the compensation Plaintiff was paid.

30. Mastroserio participated in deciding the schedule Plaintiff worked.

31. Mastroserio participated in deciding the total number of hours Plaintiff worked each week.

32. Mastroserio was responsible for ensuring Plaintiff was paid properly.

33. At all relevant times, Mastroserio was an employer within the meaning of the FLSA and the NYLL and employed Plaintiff.

**Defendants Constitute Joint Employers**

34. Defendants are associated and joint employers, act in the interest of each other with respect to employees, are responsible for paying employees, and share control over the employees.

35. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

36. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

37. Defendants jointly employed Plaintiff and were Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Plaintiff Freddy Flores**

38. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

39. Defendants employed Plaintiff as a landscaper, performing duties such as cutting grass and other landscaping tasks, for Defendants' benefit and at their direction.

40. Plaintiff was employed by Defendants from March 12, 2019 through November 19,

2025.

41. Plaintiff worked from early-March through mid-December each year of his employment.

42. Plaintiff's work schedule was Monday through Saturday, from about 7:30 a.m. until about 5:30 p.m., with a 30-minute lunch break each day, totaling approximately 57 hours per week.

43. Defendants did not maintain any records of Plaintiff's work hours and did not require Plaintiff to record his time in or out.

44. From the beginning of Plaintiff's employment through the end of February 2020, Plaintiff was paid $150.00 per day, regardless of the number of hours worked.

45. From the beginning of March 2020 through the end of February 2022, Plaintiff was paid $160.00 per day, regardless of the number of hours worked.

46. From the beginning of March 2022 through the end of his employment, Plaintiff was paid $200.00 per day, regardless of the number of hours worked.

47. Defendants paid Plaintiff a combination of cash and check each week.

48. Throughout Plaintiff's employment, Defendants did not pay him an overtime premium for any of the hours he worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay during any week of his employment.

49. Defendants did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

50. Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

51. Because Defendants did not provide Plaintiff with complete and accurate wage notices and paystubs, Plaintiff was kept in the dark about how much he should have been paid.

52. Had Defendants provided such wage notices and statements, Plaintiff would have been more likely to know that he was entitled to overtime compensation for the hours he worked in excess of forty (40) each week, minimum wage, and spread-of-hours, and could have advocated for himself and brought this lawsuit earlier to enforce his rights under state and federal law.

53. However, because Defendants did not provide Plaintiff with complete and accurate wage notices and paystubs, Plaintiff could not rectify the situation, which resulted in his continued underpayment of wages.

54. As a result of Defendants' failure to provide the required wage notices and statements, Plaintiff has incurred a tangible, downstream harm.

55. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

56. Upon information and belief, Defendants were aware of the federal and state wage and hour laws.

57. Upon information and belief, Defendants knowingly disregarded the federal and state wage and hour laws.

58. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

59. Plaintiff has been and continues to be damaged by such failures in an amount to be determined at trial, including without limitation, unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET SEQ.**
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**

60. Plaintiff reasserts and realleges the allegations set forth in each of the above

paragraphs as though fully set forth herein.

61. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

62. MM Bari was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

63. At all times relevant to this Complaint, MM Bari had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff, who handled materials and equipment that originated outside of the State of New York.

64. Upon information and belief, the gross annual volume of sales made or business done by MM Bari in each applicable year was not less than $500,000.00.

65. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

66. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

67. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

68. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

69. However, none of the Section 13 exemptions apply to Plaintiff because he did not

meet the requirements for coverage under the exemptions during the relevant periods of their employment.

70. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

71. Defendants did not act in good faith with respect to the conduct alleged herein.

72. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

73. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

75. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.

76. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

77. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

78. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

79. Defendants have not acted in good faith with respect to the conduct alleged herein.

80. As a result of Defendants' violations of the NYLL, Plaintiff has incurred and continue to incur harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

81. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

82. Defendants willfully failed to furnish Plaintiff with a wage notice during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his primary language, which was to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

83. Through their knowing and intentional failure to provide Plaintiff with the wage notice required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

84. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

85. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

87. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 et seq. and the supporting Regulations.

88. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff

        overtime compensation;

    3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage notices and statements.

B. Award compensatory damages, including all wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages for Defendants' NYLL 195 violations;

E. Award interest on all unpaid wages owed accruing from the date such amounts became due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York  
       February 11, 2025

The NHG Law Group, P.C.

_____  
By: Keith E. Williams, Esq.  
*Attorneys for the Plaintiff*  
4242 Merrick Road  
Massapequa, New York 11758  
Tel: 516.228.5100  
keith@nhglaw.com