UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Freddy Flores,,

         Plaintiff(s),

-*against*-

MM Bari Landscaping, Inc. and Michele Mastroserio,

         Defendant(s).

**Case No. 25-cv-00770**

**ANSWER**

Defendants hereby respond to Plaintiff's complaint as follows:

1. Admitted.

2. Admitted.

3. Defendants admit that the Plaintiff has brought this lawsuit but deny that the Plaintiff is entitled to relief.

4. Defendants admit that the Plaintiff has brought this lawsuit but deny that the Plaintiff is entitled to relief.

5. Admitted.

6. Admitted. solely about Count II, and Denied. with regard to Counts III and IV

7. Admitted.

8. Admitted.

9. Denied.

10. Admitted.

11. Admitted.

12. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

13. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

14. Denied.

15. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

16. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

22. Admitted.

23. Admitted.

24. Denied.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. This paragraph contains legal assertions to which no response is required. To the

extent that this paragraph contains factual assertions they are Denied.

33. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

34. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

35. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

36. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

37. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

38. Admitted.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Denied.

46. Admitted.

47. Admitted.

48. Denied.

49. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

50. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

51. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

52. This allegation is Denied. as speculative.

53. This allegation is Denied. as speculative.

54. Denied.

55. Denied.

56. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

57. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

58. Denied.

59. Denied.

60. Defendants reassert and reallege the foregoing responses to Plaintiff's allegations as if fully set forth herein.

61. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

62. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

63. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

64. Denied.

65. This paragraph contains legal assertions to which no response is required. To the

extent that this paragraph contains factual assertions they are Denied.

66. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

67. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

68. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

69. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

70. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

71. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

72. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

73. Defendants reassert and reallege the foregoing responses to Plaintiff's allegations as if fully set forth herein.

74. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

75. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

76. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

77. This paragraph contains legal assertions to which no response is required. To the

extent that this paragraph contains factual assertions they are Denied.

78. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

79. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

80. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

81. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

82. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

83. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

84. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

85. Defendants reassert and reallege the foregoing responses to Plaintiff's allegations as if fully set forth herein.

86. This paragraph contains legal assertions to which no response is required. To the extent that this paragraph contains factual assertions they are Denied.

87. Denied.

88. Denied.

## **AFFIRMATIVE DEFENSES**

By way of separate, additional and/or distinct defenses to the Complaint and each claim therein, and without conceding that Defendant bears the burden of proof or the burden of persuasion as to any of

these issues, Defendant asserts the following defenses:

**FIRST DEFENSE.**   The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE.**   Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE.**   The claims of Plaintiff are barred in whole or in part by the doctrines of waiver, release, estoppel, unclean hands, avoidable consequences, and laches.

**FOURTH DEFENSE.**   The Court lacks subject matter jurisdiction over the Plaintiff's claims under the NYSHRL.

**FIFTH DEFENSE.**   The claims of Plaintiff are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 251, et. seq., because actions taken in connection with Plaintiff's were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, under 29 U.S.C. section 259.

**SIXTH DEFENSE.**   Any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and the NYLL.  Accordingly, the Plaintiff is not entitled to liquidated damages.

**SEVENTH DEFENSE.**   Plaintiff's claims are barred, in whole or in part, because any payments for overtime owed, which Defendants denies are owed, must be calculated at no more than one-half of Plaintiff's regular rate of pay for the workweek in which the time was worked.

**EIGHTH DEFENSE.**   Plaintiff's claims are barred, in whole or in part, as to all hours allegedly worked that Defendant did not suffer or permit Plaintiff to work, of which Defendant lacked actual or constructive knowledge, or which Plaintiff deliberately misreported hours by failing to report all hours worked.

**NINTH DEFENSE.** Plaintiff's claims regarding the number of hours he allegedly worked are unreasonable and false, and therefore approximate damages may not be awarded.

**TENTH DEFENSE.** Plaintiff's overtime claims are barred to the extent Plaintiff is exempt from overtime requirements of the FLSA or New York State laws.

Dated: Huntington, New York
May 30, 2025

Respectfully submitted,

*Steven John Moser*
Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com
*Attorneys for Defendants*