**NHG**
**LAW GROUP, P.C.**
COUNSELORS AT LAW

---

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

ATTORNEYS

JUSTIN M. REILLY, ESQ.
KEITH E. WILLIAMS, ESQ.

PARALEGALS

ROSA COLLINS
CATALINA ROMAN

**Via: EDNY ECF**                                                **October 24, 2025**

Hon. Judge Arlene R. Lindsay
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:**    ***Flores v. MM Bari Landscaping Inc., et al.*; 2:25-cv-00770-NJC-ARL**

Dear Hon. Judge Lindsay,

My office represents Plaintiff, Freddy Flores ("Plaintiff") in the above-referenced Fair Labor Standards Act ("FLSA") action. Kindly accept this letter motion as Plaintiff's request for approval of the Parties' settlement agreement, attached as **Exhibit 1** for the Court's review. *See Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199, 203 (2d Cir. 2015) (*citing Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)). The Agreement resolves Plaintiff's claims asserted against Defendants, MM Bari Landscaping Inc. and Michelle Mastroserio and represents a good faith effort between experienced counsel to negotiate the settlement of a *bona fide* dispute between the Parties. The settlement provides Plaintiff with a substantial recovery of his claimed unpaid wages. Additionally, Defendants are paying Plaintiff's attorneys' fees and costs. Accordingly, Plaintiff respectfully requests that the Court approve the Agreement and dismiss this action with prejudice.

**I.    Background and Settlement**

On February 11, 2025, Plaintiff filed his Complaint alleging, among other things, violations of the FLSA and New York Labor Law ("NYLL") for failing to pay overtime compensation and for failing to provide wage notices and wage statements. *See gen.* Complaint, D.E. 1. Plaintiff contends, among other things, that during his employment with Defendants, he routinely worked in excess of forty (40) hours a week but was not properly paid overtime compensation for such time. Plaintiff's counsel calculated a damages chart for Plaintiff, attached as **Exhibit 2**. Based on these calculations, Plaintiff estimates his unpaid overtime to be $38,336.62. This estimate is exclusive of NYLL claims, penalties, interest, attorneys' fees, and costs. In preparing the damage chart, Plaintiff's counsel did not take into account any of Defendants' defenses, as discussed herein.

Defendants do not agree with Plaintiff and dispute his allegations entirely. Not only do Defendants dispute the hours Plaintiff claims to have worked each week, but they also vehemently contend that Plaintiff was properly paid all of his earned wages under the FLSA and the NYLL. Moreover, Defendants contend that their records would afford them a complete defense to Plaintiff's claims at trial because they demonstrate Plaintiff's allegations regarding his hours are inaccurate.

In sum, there is a *bona fide* dispute between the parties regarding Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## II.    The Settlement of Claims Against Defendants is Fair and Reasonable

To dismiss a FLSA case with prejudice, the Parties must seek Court approval of the settlement. *See Cheeks*, 769 F.3d at 206; *see also Wolinsky*, 900 F. Supp. 2d 332, 335 (S.D.N.Y 2012) (court must determine if a settlement agreement is fair and reasonable). Courts consider the totality of the circumstances to make this determination. *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14 Civ. 2824, 2015 WL 6550560, at *2 (E.D.N.Y. Oct. 28, 2015).

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky*, 900 F. Supp. 2d at 335. Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, 11–cv-00529, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, 10-cv-01145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, 07-cv-00086, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Parties, through counsel, spent significant time negotiating a settlement of this case. The Parties were able to agree on a settlement amount when the Parties each accepted a mediator's proposal of $45,000.00. Plaintiff recognizes that Defendants' agreement to settle this matter does not constitute an admission of any liability whatsoever, and that Defendants have agreed to this amount to avoid the risks and expenses of protracted litigation. Plaintiff further recognizes that Defendants continue to deny that his claims have any merit. Of the agreed upon settlement amount, Plaintiff will receive a recovery of $29,295.00, and his attorneys will receive $15,705.00 in fees and reimbursable costs.

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; and (4) is the product of arm's-length bargaining between experienced counsel which

was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

### a.    The Agreement Fairly Accounts for Plaintiff's Possible Recovery

As noted above, Plaintiff will receive a collective recovery of $29,295.00, which is approximately 76% of his claimed unpaid wages under the FLSA. Further, his attorneys' fees and costs are being paid by Defendants. Clearly, it cannot be said that the Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Agreement only resolves the *bona fide* dispute between the Parties relating to the payment of Plaintiff's wages and the other claims raised in the Complaint. The Agreement does not contain a confidentiality provision, a general release, or a non-disparagement clause. It is apparent that the settlement amount fairly accounts for Plaintiff's possible recovery in this matter.

### b.    The Risk and Expenses Faced by the Parties

Both Parties in this matter face substantial risks in proceeding forward in this litigation. Defendants are confident that they could prevail at trial on their defenses. Additionally, and as noted *supra*, if Defendants did so prevail, Plaintiff faces the possibility of receiving no recovery at all. Further, Plaintiff faces the prospect of waiting months, if not years, for the matter to proceed through discovery, motion practice, and, eventually, trial. While Defendants are confident that they would be able to severely undermine, if not defeat, Plaintiff's claims, they are also mindful that this would have only occurred after a protracted litigation at significant financial defense costs. Conversely, if Plaintiff prevails at trial, Defendants could face significant liability for unpaid wages, civil penalties, interest, and attorneys' fees and costs. Thus, the costs of litigation and prospects of liability for Defendants clearly weigh in favor of early resolution. As well, even though it is not necessarily a factor under *Wolinsky,* the Court should also not lose sight of the fact that litigation imposes a mental toll upon both Plaintiff and Defendants no matter who wins or loses. *See Brown v. TD Bank, N.A.,* No. 15-CV-5474, 2016 WL 1298973, at *7 (E.D. Pa. Apr. 4, 2016) ("Litigation is expensive, time-consuming, and emotionally draining."). Settlement ameliorates this burden too. Accordingly, all Parties face substantial risks in proceeding forward with the litigation and, for these reasons, the settlement should be found to be fair and reasonable.

### c.    The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion

Finally, it cannot be disputed that the Agreement was the product of legitimate bargaining between experienced counsel which was devoid of any semblance of fraud or collusion. Indeed, the Parties were able to resolve this controversy, in large part, because of the hard work and experience of their respective attorneys, as well as the invaluable assistance of mediator, Michael McKenna. Throughout the process, the Parties' respective counsel zealously advocated on behalf of their clients, from negotiating the amount of the settlement, to the terms and conditions of same. Far from the product of fraud or collusion, the Agreement constitutes an effort by experienced labor and employment counsel for all Parties to resolve the dispute under the best possible circumstances for their respective clients. Further, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the Agreement without coercion or duress. Plaintiff was represented by experienced counsel (Keith E. Williams, Esq.) who has litigated over 300 cases in the Southern

and Eastern Districts of New York and the District of New Jersey, the majority of which involve claims under the FLSA and the NYLL. Accordingly, the Agreement should be approved by the Court.

## III.    Plaintiff's Request for Attorneys' Fees and Costs Is Reasonable.

The agreed upon settlement amount is inclusive of attorneys' fees and costs. Plaintiff's counsel is seeking one-third of the settlement amount as a fee plus recovery of the expenses incurred in prosecuting this case. "Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases." *McPherson v. Look Ent. Ltd.*, 23-cv-04273 (JMA)(JMW), 2025 WL 43165, at *5 (E.D.N.Y. Jan. 7, 2025) (citing *Calle v. Elite Specialty Coatings Plus, Inc.*, 13-cv-06126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 12, 2014); *Fischer v. SD Protection Inc.*, 948 F.3d 593, 602 n.8 (2d Cir. 2020) (citing cases); *Singh v. MDB Construction Mgmt., Inc.*, 16-cv-05216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018)); *see also*, *Tepale v. 245 Gourmet Food Inc.*, 21-cv-05950 (ER), 2022 WL 1186574, at *2 (S.D.N.Y. Apr. 21, 2022). Further, Courts in this District approve reasonable out-of-pocket expenses that are incidental and necessary to a plaintiff's representation that are incurred by the attorney, which are normally charged fee-paying clients. *See Perez v. 66 Meat Corp.*, 22-cv-07003, 2024 WL 2716851, at *7-8 (E.D.N.Y. May 28, 2024), *report and recommendation adopted*, 22-cv-07003 (NCM)(JAM), 2024 WL 3161838 (E.D.N.Y. June 25, 2024).

To date, the efforts of The NHG Law Group, P.C. ("NHG Law") have been without compensation and its entitlement to payment has been wholly contingent upon the result achieved. As with every other FLSA case it takes, NHG Law stood to gain nothing in the event this litigation was unsuccessful while incurring substantial and unrecoverable costs. Additionally, the Court should consider NHG Law's success in obtaining the instant resolution for its client, which provides for a significant recovery of their claimed damages while avoiding costly and time-consuming discovery and, eventually, a trial.

Of the agreed upon settlement amount reflected in the Agreement (*i.e.*, $45,000.00), Plaintiff's counsel is seeking one-third in fees ($15,000.00). In addition to fees, NHG Law is seeking to recover its costs incurred during this litigation, which included filing the complaint ($405.00) and mediation ($300.00), for a total of $705.00. NHG Law respectfully submits that these expenses were necessarily incurred to prosecute Plaintiff's claims in this case. NHG Law respectfully submits that the allocation of attorneys' fees and costs are reasonable and should be approved.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Keith E. Williams, Esq.

Attachments: as stated.
cc: all counsel of record via ECF