
# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, FREDDY FLORES ("Plaintiff") and, on the other hand, MM BARI LANDSCAPING INC. and MICHELE MASTROSERIO (collectively, "Defendants") (Defendants and Plaintiff collectively, the "Parties" and each party a "Party").

**WHEREAS**, on or about February 11, 2025, Plaintiff initiated legal action against Defendants in the United States District Court for the Eastern District of New York (the "Court"), entitled *Flores v. MM Bari Landscaping Inc., et al.*; 2:25-cv-00770-NJC-ARL (the "Action"), in which Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid wages and record keeping violations; and,

**WHEREAS**, in the Action, Plaintiff has alleged, among other things, that Defendants failed to pay him overtime, regular wages, and spread of hours compensation due in connection with services that he performed on Defendants' behalf and failed to provide him with wage notices and statements; and,

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Action, or otherwise; and,

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 3 below. In addition, Plaintiff agrees that the amount being paid to him represents all alleged unpaid wages and other alleged damages relating to his FLSA and NYLL claims from the commencement of his employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **Settlement Amount and Payment:**

    a. As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 3 below, Defendants agree to pay Plaintiff the total sum of Forty-Five-Thousand Dollars and Zero Cents ($45,000.00) (the "Settlement Amount"), as follows:

      i.      Within thirty (30) days of the Effective Date of this Agreement (defined below), Defendants shall make a payment in the amount of Twenty-Five-Thousand Dollars and Zero Cents ($25,000.00), to be allocated and payable as follows:

      A.      a bank check or attorney escrow check made payable to "FREDDY FLORES" in the amount of Fifteen-Thousand Nine-Hundred Sixty-One Dollars and Sixty-Seven Cents ($15,961.67), representing payment of statutory civil damages, liquidated damages, and statutory penalties, to be reflected on an IRS Form 1099-Misc, Box 3;

      B.      a bank check or attorney escrow check made payable to "THE NHG LAW GROUP, P.C." in the amount of Nine-Thousand Thirty-Eight Dollars and Thirty-Three Cents ($9,038.33), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099-Misc, Box 10.

      ii.      Within sixty (60) days of the Effective Date of this Agreement (defined below), Defendants shall make a payment in the amount of Twenty-Thousand Dollars and Zero Cents ($20,000.00), to be allocated and payable as follows:

      A.      a bank check or attorney escrow check made payable to "FREDDY FLORES" in the amount of Thirteen-Thousand Three-Hundred Thirty-Three Dollars and Thirty-Three Cents ($13,333.33), representing payment of statutory civil damages, liquidated damages, and statutory penalties, to be reflected on an IRS Form 1099-Misc, Box 3;

      B.      a bank check or attorney escrow check made payable to "THE NHG LAW GROUP, P.C." in the amount of Six-Thousand Six-Hundred Sixty-Six Dollars and Sixty-Seven Cents ($6,666.67), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099-Misc, Box 10.

      b.      For the avoidance of doubt, of the amounts represented in Sub-Paragraph (a) above, Plaintiff shall receive a total of Twenty-Nine-Thousand Two-Hundred Ninety-Five Dollars and Zero Cents ($29,295.00) and Plaintiff's counsel shall receive a total of Fifteen-Thousand Seven-Hundred Five Dollars and Zero Cents ($15,705.00).

      c.      The payments set forth in this Paragraph shall be delivered to The NHG Law Group, P.C., 4242 Merrick Road, Massapequa, New York 11758.

      d.      Plaintiff agrees and affirms that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiff relating to his FLSA and NYLL claims.

3.      **Plaintiff's Release of All Fair Labor Standards Act and New York Labor Law Related Claims:** Plaintiff understands and agrees that the Settlement Amount is in full satisfaction of any and all obligations Defendants, together with any shareholders, successors, predecessors, officers, directors, and managers, in their own respective individual and official capacities (collectively, "Released Parties") may have with respect to Plaintiff's claims for alleged unpaid overtime wages, regular wages, spread of hours pay, liquidated damages, statutory penalties, record-keeping violations, interest, and attorneys' fees and disbursements under the wage and hour provisions of the FLSA, the NYLL, and any other applicable wage and hour payment laws, rules, or regulations for anything that has occurred up to the Effective Date (defined below) of this Agreement. Plaintiff hereby completely releases all wage and hour claims against Released Parties and releases and forever discharges Released Parties with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiff, Plaintiff's heirs, executors, administrators, successors, and/or assigns may now have or hereafter can, shall, or may have against Released Parties from the beginning of time up to and including the Effective Date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, and their respective governing regulations.

4.      **Failure to Make Timely Payment:**

       a.      If Defendants fail to timely pay any portion of the Settlement Amount as set forth in Paragraph 2 above ("Default") to Plaintiff, Plaintiff shall serve a written Notice of Default on Defendants, pursuant to Paragraph 23 below. Defendants shall have ten (10) days from the service of the Notice of Default (the "Cure Period") to cure any such Default.

       b.      If Defendants fail to cure any Default within the Cure Period, the Settlement Amount set forth in Paragraph 2 will automatically increase to Sixty-Seven-Thousand Five-Hundred Dollars and Zero Cents ($67,500.00), less any payments made ("Default Amount") and become due immediately. Plaintiff will be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of the Default Amount in accordance with the terms of the Affidavit of Judgment of Confession.

       c.      Defendant, MICHELE MASTROSERIO, individually and on behalf of MM BARI LANDSCAPING INC., shall execute an Affidavit of Judgment by Confession. The Affidavit of Judgment by Confession shall be held in escrow by Plaintiff's legal counsel. The original will be returned to counsel for the Defendants and any photocopies/duplicates of same shall be destroyed upon the completion of the payments by Defendants as set forth in Paragraph 2 above.

5.      **Third-Party Beneficiary:** Defendants agree and acknowledge that The NHG Law Group, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to The NHG Law Group, P.C. in Paragraph 2 above. Defendants further agree that The NHG Law Group, P.C. may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Amount allocated to The NHG Law Group, P.C., as determined by a Court of competent jurisdiction, The NHG Law Group, P.C. will be entitled to that portion of the Settlement Amount allocated to it and shall be entitled to reasonable attorneys'

3

fees and costs incurred in enforcing its rights under this Agreement, provided that The NHG Law Group, P.C. is a prevailing party.

6. **Taxes:** Plaintiff assumes full responsibility for his respective portion of the Settlement Amount for any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement. If the Internal Revenue Service or any other federal, state or local government, administrative agency, or court determines that Plaintiff and/or any Defendant is liable for any failure by Plaintiff to pay federal, state, or local income or employment taxes with respect to the Settlement Amount set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to hold Defendants harmless for any such liability, except for Defendants' employer-related payroll taxes, including without limitation, FICA and/or FUTA, if any.

7. **Covenant Not to Sue:** Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to the enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing Party.

8. **Filing of Stipulation of Dismissal with Prejudice:** The Parties hereby authorize their respective counsel to execute a Stipulation of Dismissal with Prejudice contemporaneously with the execution of this Agreement, which will be filed with the Court along with Plaintiff's Motion for FLSA Settlement Approval.

9. **No Admission of Liability:** Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with Plaintiff's employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10. **No Pending Claims:** Plaintiff hereby represents that other than this Action, there are no other pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the released claims against Defendants with any federal, state, or local administrative agency, judicial tribunal, arbitration tribunal, or otherwise.

11. **Breach:** If it is established that any Party breached this Agreement, as determined by a court of competent jurisdiction, then the non-breaching Party shall be entitled to proven damages and an award of reasonable attorneys' fees and costs incurred in enforcing his/her/its rights under this Agreement, provided that the non-breaching Party is a prevailing Party.

12. **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of,

or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in the County of Suffolk, State of New York; or, (ii) if subject matter jurisdiction exists, the United States District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and the Parties consent to the personal jurisdiction of those courts. The Parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement. The Parties agree that the Court may retain jurisdiction over the Action to enforce the terms of this Agreement, if necessary.

13.     **Effective Date:** This Agreement shall not be effective or enforceable unless and until all of the following events occur: (a) Plaintiff signs and returns this Agreement to Defendants' Counsel; (b) Defendants' Counsel receives a completed W-9 form from THE NHG LAW GROUP, P.C. and FREDDY FLORES; and (c) the Court approves this Agreement and either dismisses the Action with prejudice or directs the Clerk of the Court to close the Action (the "Effective Date").

14.     **Entire Agreement:** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, term sheets, promises, understandings, or representations, whether oral or written, express or implied, including any arbitration agreements, if any, between the Parties hereto regarding the subject matter herein. There is no other agreement pertaining to the subject matter herein except as stated herein. Each Party acknowledges that the other has made no promises relating to the subject matter herein other than those contained in this Agreement.

15.     **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

16.     **Modification and Waiver:** This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by the Parties. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

17.     **Neutral Construction and Fair Meaning:** Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

18.     **Assignment of Claims:** The rights and obligations set forth in this Agreement may not be assigned by any Party without the express written approval of all other Parties.

19.     **Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall

constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

20. **Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

21. **Facsimile, Email, and Electronic Signatures:** A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the Parties hereby waive any objection to the contrary.

22. **Competence and Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

23. **Notices:** Any notice that the Parties are required to give to the other(s) pursuant to this Agreement shall be addressed to such other Party as set forth below and delivered via USPS First Class Mail with courtesy copies sent via email. Notice shall be deemed served from the date of such mailing.

| Plaintiff | Defendants |
|---|---|
| The NHG Law Group, P.C.<br>c/o Keith E. Williams, Esq.<br>*Attorneys for the Plaintiff*<br>4242 Merrick Road<br>Massapequa, New York 11758<br>keith@nhglaw.com<br>cc: nhglaw@nhglaw.com | Moser Law Firm, P.C.<br>c/o Steven John Moser, Esq.<br>*Attorneys for the Defendant*<br>PO Box 710<br>Huntington, NY 11743<br>smoser@moseremploymentlaw.com |

**Continued on next page.**

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement, or have had it read to them in their primary language, and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

_____   Dated: 10-1-25
FREDDY FLORES

_____   Dated: 10/3/2025
MM BARI LANDSCAPING INC.
By: Michele Mastroserio

_____   Dated: 10/3/2025
MICHELE MASTROSERIO